UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

2009 MAR 17 PM 2: 46

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| **HEELING SPORTS LIMITED**, | § |
| *Plaintiff*, | § CASE NO. 6-08-CV-566-ORL-22DAB |
| v. | § |
| **SIWEI INTERNATIONAL COMPANY**, and **YAN ZHOU**, | § |
| *Defendants*. | § |

## PERMANENT INJUNCTION AND FINAL JUDGMENT

The Court, having read and considered the Joint Stipulation Re Entry of [Proposed] Permanent Injunction and Final Judgment that has been executed by Plaintiff Heeling Sports Limited ("Heeling") and Defendant Siwei International Company ("Siwei") in this action, and good cause appearing, it is:

HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

The parties agree that:

1.  Heeling is a Texas limited partnership having its principal place of business in Carrollton, Texas.

2.  Siwei is a Florida corporation with a place of business at 9640 Boggy Creek Road, Suite 101, Orlando, Florida 32824.

3.  This Court has jurisdiction over Heeling and Siwei (collectively the "Parties") and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Siwei.

4.  The parties do not dispute that Heeling owns or controls the pertinent rights in and to the following patents, and all of the claims thereof, are valid and enforceable: United States

Patent No. 6,406,038 ("the '038 Patent"), United States Patent No. 6,739,602 ("the '602 Patent"), and United States Patent No. 6,746,026 ("the '026 Patent"). The Court makes no finding as to the patent rights.

5. Siwei agrees that it purchased, used, and/or sold wheeled footwear that were the same as or similar to those shown in Exhibit A (hereinafter "Knockoff Skates") to this Permanent Injunction and Final Judgment, and such acts directly infringed one or more claims of each of the '038 Patent, the '602 Patent, and the '026 Patent. The Knockoff Skates are wheeled footwear having one or more wheels in an opening in the bottom of the heel that allow a user to walk or run on the forefoot and transition to rolling on the wheel or wheels in the heel.

6. The Parties have resolved their dispute by entering into a Settlement Agreement between them (hereinafter "Settlement Agreement").

7. Heeling has established a reasonable royalty under 35 U.S.C. § 284 of Fifteen Dollars ($15.00) per pair of Knockoff Skates.

8. Siwei, its agents, employees, successors, heirs, and assigns, and all other persons and entities in active concert or participation with them who receive actual notice hereof by personal service or otherwise are enjoined and restrained from infringing, either directly or indirectly, or inducing infringement of or contributorily infringing any of the claims of the '038 Patent, the '602 Patent, and the '026 Patent, and from making, having made, importing, purchasing, using, selling or offering to sell Knockoff Skates during the life of such patents, including any wheeled footwear or skate having at least one wheel in the heel that is to be or is used by walking or running on the forefoot portion of the sole and then transitioning to rolling on the wheel or wheels in the heel. The claims against Defendant Yan Zhou in this action have been stayed pending Zhou's bankruptcy proceedings.

9. All Knockoff Skates purchased, manufactured, and/or imported by Siwei that remain unsold prior to the date of this Order, including the 2,706 pairs of Knockoff Skates located at 9640 Boggy Creek Road, Unit 101, Orlando, Florida 32824, shall be promptly delivered to Heeling for disposal at Heeling's discretion.

10. Nothing herein shall be construed as a release as to any third party, including, for example, Defendant Yan Zhou, the party(s) that manufactured the Knockoff Skates, the party(s) that supplied the Knockoff Skates to Defendants, the party(s) that purchased the Knockoff Skates from Defendants, or others that may have participated in the infringement by Defendants through acts constituting inducement of patent infringement of any of the '038 Patent, the '602 Patent, or the '026 Patent.

11. Except as provided herein and in the Settlement Agreement, all claims alleged in this action by and against Siwei are dismissed without prejudice.

12. This Permanent Injunction and Final Judgment shall be deemed to have been served upon Siwei at the time of its execution by the Court.

13. The Court finds there is no just reason for delay in entering this Permanent Injunction and Final Judgment and, pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction and Final Judgment against Siwei.

14. Each side shall bear its own fees and costs of suit.

SO ORDERED on this __17th__ day of __March__, 2009. 2:15 PM

_____
ANNE C. CONWAY, CHIEF
UNITED STATES DISTRICT COURT JUDGE